---

Fill in this information to identify the case:

Debtor 1  Sherika S Amory

Debtor 2  _____
(Spouse, if filing)

United States Bankruptcy Court for the SOUTHERN District of TEXAS

Case number 16-32096

---

Official Form 410S1

# Notice of Mortgage Payment Change                                 12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** PROF-2013-S3 LEGAL TITLE TRUST IV, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE

**Court claim no.** (if known): 9

**Last 4 digits** of any number you use to identify the debtor's account: 4637

**Date of payment change:** 5/1/2017
Must be at least 21 days after date of this notice

**New total payment:** $830.33
Principal, interest, and escrow, if any

| Part 1: | Escrow Account Payment Adjustment |

1. **Will there be a change in the debtor's escrow account payment?**

   ☐ No.
   ■ Yes.   Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____
   
   Current escrow payment: $338.80          New escrow payment: $346.65

| Part 2: | Mortgage Payment Adjustment |

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

   ☐ No
   ■ Yes.   Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____
   
   Current interest rate:       3.180%           New interest rate:       4.180%
   
   Current principal and interest payment: $451.57     New principal and interest payment: $483.68

| Part 3: | Other Payment Change |

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ■ No
   ☐ Yes   Attach a copy of any document describing the basis for the change, such as a repayment plan or loan modification agreement.
   *(Court approval may be required before the payment change can take effect.)*
   
   Reason for change: _____
   
   Current mortgage payment:              New mortgage payment:

Debtor 1 <u>Sherika S Amory</u>                                                     Case number *(if known)* <u>16-32096</u>
         Print Name   Middle Name   Last Name

| Part 4: | Sign Here |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor

■ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ <u>/s/ Seth Greenhill</u>   Date <u>March 23, 2017</u>
  Signature

| | | | | | |
|---|---|---|---|---|---|
| Print | <u>Seth Greenhill</u> | | | Title | <u>Authorized Agent for Creditor</u> |
| | First Name   Middle Name   Last Name | | | | |
| Company | <u>Robertson Anschutz & Schneid, P.L.</u> | | | | |
| Address | <u>6409</u>   <u>Congress Avenue, Suite 100</u> | | | | |
| | Number   Street | | | | |
| | <u>Boca Raton</u>                           <u>FL</u>      <u>33487</u> | | | | |
| | City                                        State   ZIP Code | | | | |
| Contact Phone | <u>561-241-6901</u> | | | Email | <u>sgreenhill@rasflaw.com</u> |

*To the extent any prior interest rate adjustments under the terms of the loan documents or prior escrow adjustments were not noticed in this Court pursuant to Bankruptcy Rule 3002.1 after December 1, 2011 or the Petition Date (whichever is later), Fay Servicing will refund or credit the debtor, as appropriate, to give the debtor the benefit of any lower payment amount as provided under the loan documents, escrow analysis, or a notice previously filed with this Court pursuant to Bankruptcy Rule 3002.1. This does not constitute a modification of the payment obligations under the terms of the promissory note, mortgage, or other loan documents.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 23, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

MIN GYU KIM
KIMLY LAW FIRM PLLC
616 FM 1960 ROAD WEST
SUITE 105
HOUSTON, TX  77090

SHERIKA S AMORY
13562 BLUE MARLIN LN
HOUSTON, TX  77083

DAVID G PEAKE
CHAPTER 13 TRUSTEE
9660 HILLCROFT
SUITE 430
HOUSTON, TX  77096-3856

US TRUSTEE
OFFICE OF THE US TRUSTEE
515 RUSK AVE
STE 3516
HOUSTON, TX  77002


Robertson, Anschutz & Schneid, P.L.
Authorized Agent for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: /s/Seth Greenhill
Seth Greenhill, Esquire
Email: sgreenhill@rasflaw.com

# FAY SERVICING

PO Box 619063
Dallas, TX 75261-9063

SHERIKA E AMORY
13562 BLUE MARLIN LN
HOUSTON TX 77083-4843

## ESCROW ACCOUNT DISCLOSURE STATEMENT

**Loan Number:**
**Analysis Date:** 03/04/2017

| Customer Service | 1-800-495-7166 |
|---|---|
| Monday-Thursday | 8:00 a.m. to 9:00 p.m. CT |
| Friday | 8:30 a.m. to 5:00 p.m. CT |
| Saturday | 10:00 a.m. to 4:00 p.m. CT |

|  | PRESENT PAYMENT | NEW PAYMENT effective 05/01/2017 |
|---|---|---|
| Principal & Interest | $418.98 | $483.68 |
| Escrow Payment | $322.31 | $346.65 |
| Escrow Shortage | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| Other | $0.00 | $0.00 |
| Total | $741.29 | $830.33 |

## ESCROW ANALYSIS STATEMENT

At least once every 12 months Fay Servicing analyzes your escrow account, in accordance with federal regulations, to ensure we collect sufficient funds to pay escrow items when they are due. The escrow account analysis below is an estimate of the activity that will occur in your escrow account over the next 12 months. The analysis will show if you currently have a shortage or overage in your account. This amount will be accounted for in your new monthly escrow payment unless there is an overage amount over $50. In this case, the full amount of the overage will be refunded to you.

### UNDERSTANDING YOUR MONTHLY ESCROW PAYMENT AMOUNT

**1. Projected Monthly Escrow Payment**

The section titled "Projected Escrow Activity for the Next 12 Months" is a schedule that represents all anticipated payments to and from escrow for the coming year. First, we take the total of all Projected Payments from Escrow (a) and divide it equally over 12 months to determine your Projected Monthly Escrow Payment: $4,159.86 / 12 months = $346.65.

**2. Escrow Surplus/Shortage**

The minimum escrow balance required in your account is known as the Required Low Point. This is noted as (b) under "Projected Escrow Activity for the Next 12 Months". The Required Low Point is set in accordance with your mortgage contract, state law or federal law. Mortgage Insurance, if any, is not included in the Required Low Point calculation. Next, we compare the Projected Low Point (c) to the Required Low Point (b) to determine the overage/surplus:

You have a surplus of $3,515.94 because the Projected Low Point (c) of -$1,197.37 plus the escrow adjustment* is more than the Required Low Point of $693.30.
*An Escrow Adjustment of $5,406.61, scheduled to be repaid through the bankruptcy, is included in this calculation.
If the surplus is less than $50.00, we divide it equally over the next 12 months and automatically reduce your monthly payment accordingly. Otherwise, if your loan is contractually current, we will send you a check for the surplus amount.

**3. New Monthly Escrow Payment**

| Principal & Interest | $483.68 |
|---|---|
| Escrow Payment | $346.65 |
| Escrow Shortage | $0.00 |
| Optional Insurance | $0.00 |
| Other | $0.00 |
| Total | $830.33 |
| Effective Date | 05/01/2017 |

### PROJECTED ESCROW ACTIVITY FOR THE NEXT 12 MONTHS

| MONTH | PAYMENTS TO ESCROW | PAYMENTS FROM ESCROW | DESCRIPTION | PROJECTED BALANCE | REQUIRED BALANCE |
|---|---|---|---|---|---|
|  |  |  | STARTING BALANCE | 189.29 | 2,079.96 |
| May-17 | 346.65 | .00 |  | 535.94 | 2,426.61 |
| Jun-17 | 346.65 | .00 |  | 882.59 | 2,773.26 |
| Jul-17 | 346.65 | .00 |  | 1,229.24 | 3,119.91 |
| Aug-17 | 346.65 | .00 |  | 1,575.89 | 3,466.56 |
| Sep-17 | 346.65 | .00 |  | 1,922.54 | 3,813.21 |
| Oct-17 | 346.65 | .00 |  | 2,269.19 | 4,159.86 |
| Nov-17 | 346.65 | 1,495.00 | HOMEOWNERS I | 1,120.84 | 3,011.51 |
| Dec-17 | 346.65 | 785.39 | COUNTY TAX | 682.10 | 2,572.77 |
| Dec-17 | .00 | 1,233.89 | SCHOOL | -551.79 | 1,338.88 |
| Dec-17 | .00 | 645.58 | IRRG/UTILITY | (c) -1,197.37 | (b) 693.30 |
| Jan-18 | 346.65 | .00 |  | -850.72 | 1,039.95 |
| Feb-18 | 346.65 | .00 |  | -504.07 | 1,386.60 |
| Mar-18 | 346.65 | .00 |  | -157.42 | 1,733.25 |
| Apr-18 | 346.65 | .00 |  | 189.23 | 2,079.90 |
| **TOTAL** | **$4,159.80** | **(a) $4,159.86** |  |  |  |

## IMPORTANT MESSAGES

Fay Servicing is a debt collector and information you provide will be used to collect a debt. However, if you have filed for bankruptcy we will fully respect any applicable automatic stay, modification or discharge. Further, if you filed Chapter 7 Bankruptcy, received a discharge and this loan was not reaffirmed in the bankruptcy case, we will exercise on in rem rights as allowed under applicable law and will not attempt to collect, recover or offset the discharged debt as your personal liability. If your account is currently included in a Chapter 13 Bankruptcy, the escrow shortage at the time of filing will be spread over the life of the Bankruptcy. Any Shortage for the annual escrow analysis will comply with federal requirements. NMLS ID#

**Property Located in Texas:** Complaints regarding the servicing of your mortgage should be sent to the Department of Savings and Mortgage Lending, 2601 N. Lamar, Suite 201 Austin, TX 78705. A toll-free consumer hotline is available at 1-877-276-5550.

**ESCROW ACCOUNT DISCLOSURE STATEMENT**
**ACCOUNT HISTORY**

Loan Number: 

Case 16-32096   Document 50   Filed in TXSB on 03/23/17   Page 5 of 11

Date: 03/04/2017

This is a statement of actual activity in your escrow account from 04/01/2017 through 04/30/2017. This section provides last year's projections and compares it with actual activity.

An asterisk (*) indicates a difference from a previous estimate either in the date or amount and may be caused by any of the following:

- The actual amount of insurance or taxes paid since your last Escrow Analysis Statement was higher or lower than anticipated
- Additional funds were applied to your escrow account
- The time elapsed between payments to escrow and disbursement from escrow was shorter or longer than anticipated on your last Escrow Analysis Statement.

| MONTH | PAYMENTS PROJECTED | PAYMENTS ACTUAL | | DISBURSEMENTS PROJECTED | DISBURSEMENTS ACTUAL | DESCRIPTION | ESCROW BALANCE PROJECTED | ESCROW BALANCE ACTUAL |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | BEGINNING BALANCE | 1,733.31 | -133.02 |
| 04/17 | 346.65 | 322.31 | E |  | E |  | 2,079.96 | 189.29 < |
| TOTAL | $4,159.80 | $322.31 |  | $4,159.86 | $0.00 |  |  |  |

USB Barcode: ▮▮▮▮   USB Document Sak:   111796714   USB Loan Id: ▮▮▮▮

USB Account: ▮▮▮▮

USB Pool: ▮▮▮▮

Name:   SHERIKA E AMORY

Document Type:   MODI - MODI- MODIFICATION AGREEMENT

Document Notation:   HOME AFFORDABLE

# HOME AFFORDABLE MODIFICATION AGREEMENT
(Step Two of Two-Step Documentation Process)

Borrower ("I")[1]: **SHERIKA EVANS AMORY**
Lender ("Lender"): **Wachovia Mortgage, a division of Wells Fargo Bank, N.A.**
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): **06/06/2001**
Loan Number: ▮
Property Address ("Property"): **13562 BLUE MARLIN**
**HOUSTON, TX 77083**

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify, represent to Lender and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B. I live in the Property as my principal residence, and the Property has not been condemned;

    C. There has been no change in the ownership of the Property since I signed the Loan Documents;

    D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));

    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

    G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

    H. If I received a discharge in a Chapter 7 bankruptcy proceeding and the mortgage debt was not reaffirmed, then this representation applies: I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Loan Number ▮▮▮▮▮

any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 07/01/2010 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on 07/01/2010.

A. The new Maturity Date will be: 07/01/2031.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan and less Principal in the amount of $3,538.35 which has been forgiven. The new principal balance of my Note will be $84,920.43 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of 2.180% will begin to accrue on the New Principal Balance as of 06/01/2010 and the first new monthly payment on the New Principal Balance will be due on 07/01/2010. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.180% | 06/01/2010 | $418.98 | $425.31 may adjust periodically | $844.29 may adjust periodically | 07/01/2010 | 60 |
| 6 | 3.180% | 06/01/2015 | $451.57 | May adjust periodically | May adjust periodically | 07/01/2015 | 12 |
| 7 | 4.180% | 06/01/2016 | $483.68 | May adjust periodically | May adjust periodically | 07/01/2016 | 12 |
| 8-21 | 4.750% | 06/01/2017 | $501.45 | May adjust periodically | May adjust periodically | 07/01/2017 | 169 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the

Loan Number ▮▮▮▮

minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

Loan Number ▉

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

N. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

Loan Number ▓▓▓▓▓▓

In Witness Whereof, the Lender and I have executed this Agreement.

Wells Fargo Bank, N.A.
Lender

By: _____*Mary C. Reeder*_____
Mary C. Reeder
Senior Vice President

_____*[signature]*_____ (Seal)  7/10/10
SHERIKA EVANS AMORY         Date

_____JUL 22 2010_____
Date